UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNYSLVANIA

| | |
|---|---|
| DAVID J. CATANZARO, | |
| PLAINTIFF | |
| v. | CIVIL ACTION NO. 3:15-CV-554 |
| CANDYRIFIC, LLC, WAL-MART STORES, INC., TARGET CORPORATION, TOYS "R" US, INC., KMART CORPORATION, WALGREENS, CO.; and DOES 1 THROUGH 50 | JUDGE MANNION |
| DEFENDANTS. | |

## BRIEF IN SUPPORT OF MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE

Defendant CandyRific, LLC ("CandyRific") respectfully submits this Brief in support of its Motion to Dismiss or, in the Alternative, Motion to Transfer Venue.

## PROCEDURAL HISTORY

Plaintiff David J. Catanzaro filed his Complaint on March 19, 2015. To date, there is no record of service of summons on any of the named defendants. Aside from CandyRific's Motion to Dismiss or, in the Alternative, Motion to Transfer, no defendants have filed responsive pleadings in this case.

## RELEVANT UNDISPUTED FACTS

On March 12, 2015, CandyRific filed a Complaint for Declaratory Judgment against David Joseph Catanzaro ("Mr. Catanzaro") in the U.S. District Court for the Western District of Kentucky, seeking declaratory judgment that U.S. Pat. No. 7,653,959 ("the '959 patent") is unenforceable and not infringed by CandyRific. *CandyRific, LLC v. David Joseph Catanzaro*, Case No. 3:15-cv-209-CRS (W.D. Ky.). *See* Exhibit A, Motion to Dismiss or in the Alternative, Motion to Transfer Venue (hereinafter Exhibit "A"). Thereafter, on March 19, 2015, Mr. Catanzaro initiated this action for alleged infringement of the '959 patent. Doc. 1. Mr. Catanzaro alleges that CandyRific and a number of other defendants infringe the '959 patent through the manufacture, importation, use, offer for sale, and sale of various CandyRific products. Doc. 1 at ¶¶ 23-26.

The '959 patent is subject to a Terminal Disclaimer as to U.S. Pat. No. 6,026,532 ("the '532 patent"). Doc. 1 at ¶¶ 12-13. Pursuant to the Terminal Disclaimer, "joint ownership of the '532 and '959 patent [sic] was required for the '959 patent to be enforceable." Doc. 1 at ¶ 13. According to the Complaint, Mr. Catanzaro is the owner of the '959 patent. Doc. 1 at ¶ 3. Mr. Catanzaro admits he no longer owns the '532 patent, as he assigned the '532 patent to Church & Dwight Co., Inc. on February 28, 2011. Doc. 1 at ¶ 12. Subsequently, the '532 patent expired in February 2012 for failure to pay maintenance fees. Doc. 1 at ¶ 14.

## STATEMENT OF QUESTIONS INVOLVED

1. Whether this case should be dismissed based on Mr. Catanzaro's admissions that the '959 patent does not share common ownership with the '532 patent, rendering the '959 patent unenforceable.

2. Whether this case should be transferred to the U.S. District Court for the Western District of Kentucky, where the first-filed action involving identical issues is being litigated.

## ARGUMENT

### A.    The Complaint Fails to State a Claim Because the '959 Patent is Unenforceable.

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must be dismissed if it does not contain allegations that, if accepted as true, "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (U.S. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (U.S. 2009). Here, even accepting as true all of the allegations contained in the complaint and drawing all inferences from the facts alleged in the light most favorable to Mr. Catanzaro, his Complaint must be dismissed because the '959 patent is plainly unenforceable against CandyRific or any other entity.

Patent applicants regularly utilize terminal disclaimers to overcome a double patenting rejection based on the patent applicant's prior issued patents that encompass the same or similar subject matter. It is well-established that, for a terminally disclaimed patent to be enforceable, it must share common ownership with the prior patent. Indeed, courts recognize that it is "binding Federal Circuit precedent" that "if the ownership of a disclaimed patent is separated from the prior patent, the disclaimed patent is not enforceable." *Email Link Corp. v. Treasure Island, LLC*, 2012 U.S. Dist. LEXIS 138042 (D. Nev. Sept. 25, 2012) (citing *Merck & Co., Inc. v. U.S. Int'l Trade Comm'n*, 774 F.2d 483, 485 (Fed. Cir. 1985)). The purpose of the common ownership requirement is to "prevent harassment of an alleged infringer by multiple parties due to subsequent different ownership of multiple patents granted as the result of filing a terminal disclaimer to overcome a double patenting rejection." 35 Fed. Reg. 20,012 (Dec. 31, 1970).

In this case, the terminally disclaimed '959 patent is unenforceable because it does not share common ownership with the prior '532 patent. To overcome a potential double patenting rejection, Mr. Catanzaro executed a Terminal Disclaimer on or about August 27, 2001 in connection with the prosecution of the '959 patent, and then mailed that Terminal Disclaimer to the U.S. Patent and Trademark Office ("PTO") on September 1, 2001. Exhibit A at 1-1 pp.11-12. The Terminal Disclaimer executed by Mr. Catanzaro states, in relevant part, that "[t]he

owner [Catanzaro] hereby agrees that any patent so granted on the instant application shall be enforceable only for and during such period that it and the prior patent [the '532 patent] are commonly owned." Exhibit A at 1-1, pp. 12-13.[1] Subsequently, Mr. Catanzaro assigned the '532 patent to Church & Dwight Co., Inc. on February 28, 2011. Doc. 1 at ¶ 12. Mr. Catanzaro nevertheless retained ownership rights to the '959 patent, and Mr. Catanzaro continues to hold himself out as the sole owner of the '959 patent. Doc. 1 at ¶ 3.

The '959 patent was immediately rendered unenforceable upon Mr. Catanzaro's assignment of the '532 patent to Church & Dwight Co., Inc. on February 28, 2011. This unmistakable conclusion is mandated by binding Federal Circuit precedent. *See supra* at p. 3. Moreover, this conclusion is consistent with the sworn statements Mr. Catanzaro made to the PTO in the Terminal Disclaimer, whereby he agreed that the '959 patent would only be enforceable as long as it and the '532 patent were commonly owned. Exhibit A, at 1-1, pp.12-13. Accordingly, the Complaint fails to state a plausible claim to enforce the '959 patent.

---

[1] Terminal Disclaimers are required to include such language. *See* 37 CFR 1.321(c)(3) (requiring the terminal disclaimer to include a provision that the patent "shall be enforceable only for and during such period that said patent is commonly owned with the application or patent which formed the basis for the judicially created double patenting").

Furthermore, Mr. Catanzaro cannot state a claim even for alleged infringement that took place during the period of common ownership.[2] Indeed, one district court explicitly rejected a patentee's argument that it could bring suit as to a terminally disclaimed patent for infringement that occurred prior to the patentee's assignment of the prior patent. *Voda v. Medtronic Inc.*, 2011 U.S. Dist. LEXIS 156695 (W.D. Okla. Aug. 17, 2011) ("To enforce the '195 patent, plaintiff must not only own all three patents for the period he seeks enforcement of the '195 patent, he must also own all three patents during the period he files suit to do so."). According to that court, based on the plain language of the Terminal Disclaimer and 37 CFR § 1.321(c)(3), common ownership is necessary to bring suit to enforce the disclaimed patent as to any period of alleged infringement. *Id.* Similarly, the '959 patent is unenforceable, and Mr. Catanzaro cannot enforce it at all, even for any alleged infringement that may have taken place at any point when the '959 and '532 patents were commonly owned.

In sum, this case should be dismissed because the Complaint fails to state a claim upon which relief can be granted. There is no factual scenario, let alone a facially plausible scenario, under which Mr. Catanzaro is entitled to relief as to the unenforceable '959 patent.

---

[2] Mr. Catanzaro's Complaint does not presently allege infringement during the period of common ownership of the '959 and '532 patents.

## B. Pursuant to the "First-to-File" Rule, the Case Should Be Dismissed or Transferred to the Western District of Kentucky.

This case should be dismissed or transferred to the Western District of Kentucky where the first-filed case, which involves the same factual and legal issues, is pending. "The 'first-to-file' rule is a doctrine of federal comity, intended to avoid conflicting decisions and promote judicial efficiency, that generally favors pursuing only the first-filed action when multiple lawsuits involving the same claims are filed in different jurisdictions." *Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1299 (Fed. Cir. 2012). Under the first-to-file rule, the Court may decide whether to stay, transfer, or dismiss the duplicative later-filed action. *Id.*

The first-to-file rule applies when the subject matter of the first-filed case substantially overlaps with the later-filed case. *Shire U.S., Inc. v. Johnson Matthey, Inc.*, 543 F. Supp. 2d 404, 409 (E.D. Pa. 2008). The parties in the concurrent actions do not have to be identical, nor do the cases have to be mirror images of one another, for the first-to-file rule to apply. *See id.* at 408; *Transcore, L.P. v. Mark Iv Indus. Corp.*, 2009 U.S. Dist. LEXIS 96599 (E.D. Pa. Oct. 15, 2009). Rather, "the substantive touchstone of the first-to-file inquiry is subject matter." *Shire*, 543 F. Supp. 2d at 409.

There can be no question that the first-to-file rule applies in this case. As an initial matter, it is indisputable that the Western District of Kentucky action is the first-filed case. Moreover, this case involves identical issues as those in dispute in

the first-filed case pending in the Western District of Kentucky. The issues in dispute here are (a) whether the '959 patent is enforceable and, if so, (b) whether CandyRific's accused products infringe the '959 patent. Likewise, the first-filed Declaratory Judgment Complaint includes two claims: count one seeks declaratory judgment of unenforceability of the '959 patent and count two seeks declaratory judgment of non-infringement of the '959 patent by CandyRific. Exhibit A, pp. 9-10.

The fact that this case involves a number of ancillary defendants—customers[3] of CandyRific—provides further justification for dismissal of this case. Because "in reality, the manufacturer is the true defendant in the customer suit," courts have held that "litigation against or brought by the manufacturer of infringing goods takes precedence over a suit by the patent owner against customers of the manufacturer." *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990) (quoting *Codex Corp. v. Milgo Electronic Corp.*, 553 F.2d 735, 737-738 (1st Cir. 1977)). Here, CandyRific is the sole "true" defendant, and CandyRific's first-filed case takes precedence over one that involves customers who allegedly sell the accused CandyRific[4] products. It is unnecessary for this

---

[3] CandyRific's initial investigation has revealed that some of the named defendants have not, in fact, sold the accused CandyRific products.

[4] As noted above, the only accused products identified in the Complaint are CandyRific's products, which are allegedly offered for sale and sold by the

case to proceed when the true parties to the dispute are already named in the first-filed action.

In sum, principles of fairness and efficiency warrant dismissing this case or transferring it to the Western District of Kentucky. It would be unfair for CandyRific to have to litigate these duplicative claims in two courts. In addition, there is a risk of inconsistent or conflicting decisions among federal courts of equal rank. Further, dismissal or transfer would promote judicial efficiency. Thus, in the event this Court declines to dismiss this action for the reasons argued in the preceding section, this case should be dismissed for improper venue or transferred to the Western District of Kentucky where the first-filed action is pending.

## CONCLUSION

For the foregoing reasons, CandyRific respectfully requests dismissal on the merits or, in the alternative, that the case be transferred to the U.S. District Court for the Western District of Kentucky so that it may be consolidated with the senior action.

Date: April 20, 2015                           Respectfully submitted,

                                                          Oliver, Price & Rhodes

                                                          s/ Erin A. Brennan
                                                          Erin A. Brennan, Esquire
                                                          Attorney I.D. No.: 87748

---

defendants. Pursuant to 35 U.S.C. § 299, Mr. Catanzaro cannot assert infringement of products that are not attributable to CandyRific in this case.

Oliver, Price & Rhodes
P.O. Box 240
Clarks Summit, PA 18411
Tel: (570) 585-1200
Fax: (570) 585-5100
Email: eab@oprlaw.com

s/ T. Morgan Ward, Jr.
T. Morgan Ward, Jr.
Joel T. Beres
David W. Nagle, Jr.
Melissa Hunter Smith
STITES & HARBISON PLLC
400 West Market Street
Suite 1800
Louisville, KY 40202-3352
Telephone: (502) 587-3400
Email: mward@stites.com
　　　　jberes@stites.com
　　　　dnagle@stites.com
　　　　melissa.smith@stites.com

Counsel for Defendant,
*CandyRific, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 20, 2015, a copy of the foregoing was filed electronically with the Electronic Case Filing system of the United States District Court for the Middle District of Pennsylvania and served via first-class U.S. mail, postage prepaid, upon Plaintiff with a courtesy copy by email to all parties who have presently entered an appearance in this matter as indicated below.

### *Via U.S. Mail*

David J. Catanzaro
286 Upper Powderly Street
Carbondale, PA 18407
mrjpatent@gmail.com

                              Oliver, Price & Rhodes

                              /s/ Erin A. Brennan