THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID J. CATANZARO,<br>286 UPPER POWDERLY STREET<br>CARBONDALE, PA 18407<br><br>      Plaintiff,<br><br>VS.<br><br>CANDYRIFIC, LLC,<br>WAL-MART STORES, INC.,<br>TARGET CORPORATION,<br>TOYS "R" US, INC.,<br>KMART CORPORATION,<br>WALGREENS, CO.;<br>and DOES 1 THROUGH 50<br><br>      Defendants. | CASE N0. 3:15-CV-554<br><br>JUDGE MANNION<br><br>**FILED**<br>**SCRANTON**<br><br>MAY − 4 2015<br><br>Per_____<br>    DEPUTY CLERK<br><br>JURY TRIAL DEMANDED |

### PLAINTIFF'S VERIFIED FIRST AMENDMENT COMPLAINT
### FOR PATENT INFRINGEMENT

      Plaintiff, David Catanzaro ("Plaintiff" or "Mr. Catanzaro"), complains of Candyrific,

LLC. ("Candyrific"), Wal-Mart Stores, Inc. ("Wal-Mart"), Target Corporation ("Target"),

Toys "R" Us, Inc. ("Toys "R" Us"), Kmart Corporation ("Kmart"), and Walgreens Co.

("Walgreens") as follows:

## I. JURISDICTION.

1. This is a claim for patent infringement under the patent laws of the United States, Title 35 of the United States Code. This Court and other federal district courts have exclusive jurisdiction over the subject matter of this case under 28 U.S.C.§ 1338(a).

## II. VENUE.

2. Venue in this judicial district is proper under 28 U.S.C. §1391(b) and (c) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred. Further, venue is proper as to each defendant under 28 U.S.C. §1400(b).

## III. PARTIES.

3. Plaintiff currently resides at 286 Upper Powderly St., Carbondale, PA 18407. Plaintiff is the owner of United States Patent No.7,653,959 B1 (the "'959 patent"), entitled "Article Assembly," that issued on February 2, 2010. Plaintiff has the sole right to sue for infringement of said patent. A copy of the '959 patent is attached hereto as **Exhibit A**.

4. Upon information and belief, Defendant CandyRific is a Kentucky company with its principal place of business at 3738 Lexington Road, Louisville, Kentucky 40207

5. Upon information and belief, defendant Wal-Mart is an Arkansas corporation with its principal place of business at 702 SW 8th Street, Bentonville, Arkansas 72716.

6. Upon information and belief, defendant Target is a Minnesota corporation with its principal place of business at 1000 Nicollet Mall, Minneapolis, Minnesota 55403.

7. Upon information and belief, defendant Toys "R" Us is a New Jersey corporation with its principal place of business at 1 Geoffrey Way, Wayne, New Jersey 07470.

8. Upon information and belief, Defendant Kmart is a Illinois corporation with its principal place of business at 3333 Beverly Rd., Hoffman Estates, Illinois 60179.

9. Upon information and belief, Defendant Walgreen's is an Illinois corporation with its principal place of business at 200 Wilmot Road Deerfield, Illinois

10. Plaintiff does not know the true identities of fictitious Defendants Does 1 through 50, but reserves the right to amend this complaint to add said defendants upon discovery of their true identities.

11. This court has personal jurisdiction over each of the named defendants.

## IV. RELEVANT MATTER

12. The "959 patent is a continuation of U.S. Patent No. 6,026,532 (the "532 patent") which was assigned to the Church & Dwight Co. on February 28, 2011, as part of a settlement agreement during a patent infringement lawsuit (*David Catanzaro v. Procter & Gamble Co. et al.*)

13. The '959 patent contained a Terminal Disclaimer whereby the Disclaimer stated that joint ownership of the '532 and '959 patent was required for the '959 patent to be enforceable.

14. It is believed Church & Dwight allowed the '532 patent to expire intentionally in February, 2012 for lack of paying the required maintenance fee.

15. Plaintiff filed a legal malpractice case in the Northern District of Ohio on May 2, 2013 against the attorneys who represented Plaintiff in the *Procter & Gamble Co. et al.* lawsuit (*Case No. 1:13 CV 996 Catanzaro vs. Seamon Garson et al*).

16. Within the pleadings of the above stated malpractice case Plaintiff alleged that he was induced to enter into a Patent Purchases, Settlement Agreement which caused

Plaintiff to alienate his interest in the '532 patent and to give up his interest in the '959 patent.

17. Defendants maintained that the '959 patent was still enforceable, and that Plaintiff did not lose the right to enforce the '959 patent as a direct result of the expiration of '532 patent and as a result thereof, rendering the common ownership requirement of the Terminal Disclaimer a non-issue and or no longer "offended".

18. After near 20 months of litigation, Judge Dan A. Polster presiding Judge in the legal malpractice case, issued an order on December 15, 2014 (hereto as **Exhibit B**) stating that the court cannot issue an advisory opinion on the enforceability or unenforceability of the '959 patent and demanded that a judicial determination or order must be made within the context of a Patent infringement lawsuit.

19. Judge Dan A. Polster dismissed the case without prejudice and tolled the statue of limitations until there is a final judgment in a patent infringement litigation involving the '959 patent.

20. As a direct result of information exchanged and obtained in the malpractice lawsuit, along with the directed order imposed by Judge Polster to obtain a final order in an infringement action to know for certain the current status of the '959 patent, Plaintiff has 'sufficient reason and belief' to presently assert that the '959 patent is enforceable and that the Terminal Disclaimer is a non-issue.

21. In this instant matter, Defendant Candyrific through its counsel, led Plaintiff to believe that communications were open in an effort to discuss resolving this matter prior to any formal filings.

22. Defendant Candyrific through its counsel, had on-going conversations with Plaintiff, leading Plaintiff to believe that a possible resolution was desired.

23. Plantiff was more than surprised when Defendant Candyrific, through its counsel, filed a Declaratory Judgment Action against Plaintiff on 3/12/15 in the Western District of Kentucky which was during the same time period Plaintiff and Defendant Candyrific were having discussions with respect to a resolution regarding this instant matter.

24. This action was filled several days after Defendant Candyrific filed the above stated Declaratory Judgment Action against Plaintiff.

25. Defendant Candyrific was made aware that Plaintiff:

   1. Dose not conduct any business at all in the state of Kentucky

   2. Has no contacts or even knows anyone in Kentucky (other than the above stated few direct communications with Defendant Candyrific's counsel regarding this matter.)

   3. To the best of Plaintiff's knowledge, Plaintiff has never even been in the state of Kentucky.

26. When this action was filed, Defendant Candyrific was aware of it along with knowing about Plaintiff's several other infringement actions filed in this judicial district.

27. Defendant Candyrific petitioned the court in Kentucky to allow Plaintiff an extension of time to answer the Declaratory Judgment Action it filed against Plaintiff (**Exhibit C**).

28. Defendant Candyrific petitioned for the above stated extension, because Plaintiff needed:

   1. To look for and to Retain Counsel

   2. To have additional time to continue to focus on other potential infringers who

      wanted to resolve their differences with Plaintiff.

    3. To have time to get Plaintiff's affairs in order, with regard to the other infringement actions filed in this district.

    4. As result of Plaintiff agreeing to wave service in the Kentucky action (**Exhibit D**).

29. Prior to Defendant Candyrific petitioning the Kentucky court for the above stated extension of time, Defendant Candyrific was made aware that Plaintiff was also going to take as much time as needed or allowed by law to serve them and the other Defendants in this action.

30. Based on the above stated facts and exhibits and according to the Judicial Rules of Civil Procedure, Plaintiff is asking this Honorable court to allow Plaintiff at a minimum, the time allowed by the Judicial Rules of Civil Procedure to serve this complaint or an additional amended complaint to Defendant Candyrific and all other Defendants in this action prior to this court making any judicial rulings.

## V.   CLAIMS.

### COUNT I – DECLARATORY JUDGMENT

31. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 30, inclusive.

32. An actual, present and justiciable controversy has arisen between Plaintiff and Defendants regarding the '959 patent.

33. Pursuant to 28 U.S.C. §§ 2201, *et seq.*, Plaintiff seeks declaratory judgment from this Court that Defendants have infringed upon the '959 patent.

### VI – PATENT INFRINGEMENT

34. Defendant CandyRific transacts business in this judicial district related to the '959 patent, without a license or permission from plaintiff. Poof-Slinky has infringed, induced others to infringe, and/or contributorily infringed, literally or under the doctrine of equivalents, one or more claims of the '959 patent. Defendant did so by manufacturing, having manufactured, importing, using, offering for sale and/or selling products that embody and/or practice the patented invention, known as:

> *(1) M&M Character with Keychain and Flashlight, Clip and Candy (Product Line)*
>
> *(2) M&M Character with Keychain and Candy (Product Line)*
>
> *(3) M&M Character with Candy (Product Line)*
>
> *(4) M&M Star Wars Character with Keychain and Flashlight, Clip and Candy (Product Line)*
>
> *(5) Mickey & Minnie Mouse Character with Flashlight, Clip and Candy (Product Line)*
>
> *(6) Pac Man Character with Flashlight, Clip and Candy (Product Line)*
>
> *(7) Mummy & Pumpkin Character with Flashlight, Clip and Candy (Product Line)*

35. Upon information and belief, CandyRific manufactured, imported, used, offered for sale and/or sold the above stated product lines after February 1, 2010.

36. Defendants Wal-Mart, Target, Toys "R" Us, Kmart and Walgreens transact business in this judicial district and have committed acts of infringement in this judicial district by offering for sale and selling the above stated product lines on and after February 1, 2010.

37. Plaintiff seeks damages for patent infringement against Defendants for the maximum period of time permitted by law.

38. Defendants have directly or equivalently infringed at least claims 1, 2, 4, 5, 6, 7 & 8 of the '959 patent in violation of 35 U.S.C. § 271(a). Upon information and belief, defendants have also infringed at least claims 1, 2, 4, 5, 6, 7 & 8 of the '959 patent directly

7

or equivalently by knowingly and actively inducing others to infringe in violation of 35 U.S.C. § 271(b).

39. Upon information and belief, defendants' infringement of the '959 patent have been willful and deliberate. Defendants' infringement has injured plaintiff.

## VII.   PRAYER FOR RELIEF.

WHEREFORE, plaintiff, David Catanzaro, respectfully requests that this Court enter Judgment against defendants and against their subsidiaries, successors, parents, affiliates, directors, agents, servants, employees, and all persons in active concert or participation with them, granting the following relief:

- A. Issue a declaratory judgment stating that Defendants have infringed the '959 patent;
- B. Order an award of damages adequate to compensate plaintiff for the infringement that has occurred, but in no event less than a reasonable royalty as permitted by 35 U.S.C. § 284, together with pre-judgment and post-judgment interest;
- C. Issue a finding that defendants' acts of infringement have been willful and ordering an award of increased damages as provided by 35 U.S.C. § 284;
- D. Order defendants to pay plaintiff's reasonable attorney fees and costs of this action; and,
- E. Order such other relief that plaintiff is entitled to under law and any other further relief that this Court or jury may deem just and proper.

## VIII.   JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues presented in this complaint.

Respectfully submitted,

_____
David J. Catanzaro
Plaintiff *pro se*
286 Upper Powderly Street
Carbondale, PA 18407
Phone: (570) 282-4889
E-mail: davidjosephus@aol.com